Dismissed and Opinion filed November 14, 2002









Dismissed and Opinion filed November 14, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01093-CR

NO. 14-02-01094-CR

____________

 

DAVID CARL EVANS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 184th District Court

Harris County, Texas

Trial
Court Cause Nos. 333,758 & 333,759

 



 

O
P I N I O N








On July 1, 1981, appellant was convicted of burglary of a
habitation with intent to commit rape in cause number 333,758.  On February 9, 1984, appellant entered a
guilty plea to the offense of burglary of a habitation with intent to commit
rape in cause number 333,759.  On July
23, 2001, appellant filed a motion in each case for a hearing on his request
for postconviction forensic DNA testing pursuant to
Chapter 64 of the Texas Code of Criminal Procedure.  The trial court appointed counsel to
represent appellant.  Based upon evidence
provided by affidavit, the trial court found that appellant had not met his
burden to demonstrate that evidence exists and is in a condition making DNA
testing possible.  See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1). 
Accordingly, on August 7, 2002, the trial court denied appellant=s request for DNA testing in each
case.  

On September 12, 2002, appellant filed a pro se notice of
appeal in each case.  A defendant=s notice of appeal must be filed
within thirty days after the trial court enters an appealable
order.  See Tex. R. App. P. 26.2(a)(1).  The thirtieth day after the trial court=s August 7, 2002 order was Friday,
September 6, 2002.  Thus, appellant=s notices of appeal are untimely.[1]

A notice of appeal which complies with the requirements of
Rule 26 is essential to vest the court of appeals with jurisdiction.  See Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can
take no action other than to dismiss the appeal.  See id.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed November 14, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).

 











[1]  The record
contains the envelope in which the notices were mailed, and it bears a postmark
of September 9, 2002.  Because the
notices were not deposited in the mail before the filing deadline, appellant
may not benefit from the mailing rule.  See
Tex. R. App. P. 9.2(b).